UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CYRUS PLUSH,

        Petitioner,

v.

WASHINGTON STATE,

        Respondent.

CASE NO. 3:20-CV-5258-BHS-DWC

ORDER

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner filed "Notice of Appeal" and Motion requesting this Court order the State of Washington to send copies of his court documents and appoint counsel, which the Clerk's Office construed as a proposed federal Habeas Corpus Petition pursuant to 28 U.S.C. § 2254.[1] Dkt. 1. Plaintiff also challenges his right of access to the courts. *See id.* Having reviewed the pleading, the Court declines to order Respondent to file an answer as the Petition does not comply with the

---

[1] Petitioner also filed a Motion for Leave to Proceed *In Forma Pauperis*. Dkt. 6. However, it is not clear if Petitioner will be able to cure the deficiencies of his Petition, and therefore will not rule on the request to proceed *in forma pauperis* until Petitioner has filed an amended petition.

ORDER - 1

1  Rules Governing Section 2254 Cases. The Court, however, provides Petitioner leave to file an
2  amended petition by July 6, 2020 to cure the deficiencies identified herein.

**DISCUSSION**

Petitioner, who is currently housed at Coyote Ridge Corrections Center, filed a Motion requesting the Court order the State of Washington send copies of his briefs, appoint counsel, stop legal documents from being thrown away, provide envelopes and access to the law library, stop having legal mail retuned, and provide a proper paper and pen. Dkt. 1 at 2. Petitioner cites to a Washington State Supreme Court case in which it appears his petition for review was denied. Dkt. 1 at 1 (citing Case No. 95872-6 "review denied"). Petitioner does not appear to seek release from custody from this Court. *See id.*

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court must promptly examine the petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."

**I.     Writ of Mandamus**

If Petitioner is seeking a writ of mandamus to compel a Washington State court to send copies of his briefs/transcripts and appoint counsel, this claim is frivolous. A district court has the authority to issue all writs, including writs of mandamus, which are "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principals of law." 28 U.S.C. § 1651(a). Section 1651(a) does not provide a federal district court with the power to compel performance of a state court, judicial officer, or another state official's duties under any circumstances. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). A petition for mandamus to compel a state official or agency to take or refrain from some action is frivolous as a matter of law. *See Demos v. United States District Court*, 925 F.2d 1160, 1161 (9th

Cir. 1991). Therefore, Petitioner must show cause why his request for an order compelling the Washington state court to provide him with copies and appoint counsel should not be dismissed as frivolous.

## II. Conditions of Confinement

Petitioner does not appear to seek release from custody, which would be appropriate under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973); Dkt. 1. Rather, Petitioner's remaining claims allege he is being denied access to the courts, in which a civil rights action would be the proper method to challenge such conditions of confinement. Dkt. 1; *See Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991).

As Petitioner's claims regarding violations of his right to access to the courts implicate the conditions of his confinement and not the fact or duration of his custody, his constitutional claims cannot form the basis of habeas relief. Petitioner's access to courts claims must be brought in a civil rights complaint.

## III. Instructions to Petition and Clerk

If Petitioner intends to pursue a habeas action, he must file an amended petition on the form provided by the Court, including only claims challenging the fact or duration of his custody. Petitioner may file a separate § 1983 complaint challenging the conditions of his confinement on the form provided by the Court.

The amended petition must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original Petition by reference. The amended petition will act as a complete substitute for the original Petition, and not as a supplement.

1     If Petitioner fails to adequately address the issues raised herein and file an amended

2 petition on or before July 6, 2020, the undersigned may recommend dismissal of this action.

3     The Clerk is directed to provide Petitioner with the forms for filing a petition for habeas

4 corpus relief pursuant to 28 U.S.C. § 2254 and forms for filing a 42 U.S.C. § 1983 civil rights

5 complaint. The Clerk is further directed to provide copies of this Order to Petitioner.

7     Dated this 4th day of June, 2020.

*/s/ David W. Christel*
David W. Christel
United States Magistrate Judge