UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CYRUS N PLUSH,

        Petitioner,

   v.

JEFFREY A UTTECHT,

        Respondent.

CASE NO. 3:20-CV-05258-BHS-DWC

ORDER

      The District Court has referred this action filed under 28 U.S.C. § 2254 to United States Magistrate Judge David W. Christel. This matter comes before the Court on Petitioner's Motion for an Extension of Time and for Court Transcripts ("the Motion") Dkt. 21.

      Petitioner filed this habeas corpus Petition ("the Petition") challenging his state court conviction. Dkt. 11. On August 3, 2020, the Court directed service of the Petition. Dkt. 13. On October 23, 2020, Respondent filed an Answer and the state court record. Dkt. 19, 20. In the Answer, Respondent argues Petitioner has not yet exhausted his state court remedies and moves for the Court to dismiss the Petition without prejudice. Dkt. 19 at 7-12. In submitting the state court record, Respondent indicated the state court files contain transcripts from Petitioner's state court trial, but maintained the transcripts were not relevant since the Court should dismiss the

ORDER - 1

1  Petition without prejudice for failure to exhaust. Dkt. 20 at 2. Petitioner's traverse was due on or

2  before November 16, 2020. On November 25, 2020, Petitioner filed the Motion. Dkt. 21. In the

3  Motion, Petitioner seeks a 30-day extension to file his traverse and requests the production of the

4  trial court transcripts. Dkt. 21.

5        Respondent does not object to Petitioner's request for extension. *See* Dkt. 22. After a

6  review of the Motion and finding good cause, the Court grants Petitioner's request for extension

7  and his traverse is due on or before December 18, 2020. Respondent's reply, if any, is due on or

8  before December 25, 2020. The Clerk is directed to renote the Petition (Dkt. 11) for

9  consideration on December 25, 2020.

10       Respondent objects to production of the trial court transcripts arguing the transcripts are

11 not relevant to the issue of whether Petitioner exhausted his state court remedies. Dkt. 22. Rule

12 5(c) of the Rules Governing § 2254 Cases provides that the respondent shall indicate in the

13 answer to a habeas petition what transcripts are available and what proceedings have been

14 recorded but not transcribed. The respondent must attach to his or her answer any parts of the

15 transcript it deems relevant. Once this is done, the court, "on its own motion or upon request of

16 the petitioner *may* order that further portions of the existing transcripts be furnished or that

17 certain portions of the non-transcribed proceedings be transcribed and furnished." Rule 5(c).

18 With respect to exhaustion, a state prisoner seeking habeas corpus relief in federal court must

19 exhaust available state relief prior to filing a petition in federal court. *See* 28 U.S.C. § 2254.

20 Claims for relief that have not been exhausted in state court are not cognizable in a federal

21 habeas corpus petition. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994).

22       Here, Petitioner has been granted an extension to file his traverse. Because a

23 determination of the completeness of the record cannot be made until Petitioner has filed a

24

1  traverse and until the Petition is ripe for the Court's review, the Motion is denied without
2  prejudice as premature. If necessary, Plaintiff may refile his request after he has filed his
3  traverse.

4  Dated this 4th day of December, 2020.

David W. Christel
United States Magistrate Judge