UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CYRUS N. PLUSH,

        Petitioner,

v.

WASHINGTON STATE, et al.

        Respondents.

CASE NO. C20-5258 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge, Dkt. 41, and Petitioner Cyrus Plush's objections to the R&R, Dkt. 43.

Plush is in custody under a 2018 state court judgment and sentence imposed for his 2016 conviction for failure to register as a sex offender. Dkt. 41 at 2. Before he initiated his direct appeal from the judgment and sentence, Plush first sought pro se discretionary review pursuant to Washington Rule of Appellate Procedure 2.3(b). *Id.* at 4. Plush raised five issues: (1) motion of judge bias; (2) motion to dismiss for having only 10 days to prepare for trial; (3) motion to dismiss for lack of cause to arrest; (4) motion to dismiss for violation of right to speedy trial; and (5) motion to dismiss for ineffective

ORDER - 1

assistance of counsel. *Id.* The Washington Court of Appeals denied review, and Plush did not seek review by the Washington Supreme Court. *Id.*

Plush then filed a direct appeal from the judgment and sentence, asserting four issues: (1) the superior court erred by allowing the prosecution to amend the information to change the dates of the crime; (2) the amendment prejudiced the defense by placing the defendant in the position of having to choose between the right to a speedy trial and the right to prepare for trial ("Hobson's choice"); (3) the prosecution committed misconduct during closing argument; and (4) the judge erred by relying on unproven criminal history in sentencing Plush. *Id.* at 5. The Washington Court of Appeals affirmed the conviction but remanded for resentencing due to an error in the criminal history calculation. *Id.*

Plush then filed a pro se brief, which state courts construe as a petition for review before the Washington Supreme Court. *Id.* Plush's pro se brief raised eleven issues: (1) Hobson's choice; (2) denial of right to call witnesses; (3) denied right to present evidence; (4) illegally withholding evidence; (5) new or different element of amended charge required dismissal; (6) illegal jury instructions; (7) whether petitioner knowingly failed to register; (8) false arrest warrant; (9) entrapment; (10) speedy trial violation; and (11) vindictive, selective, and malicious prosecution. *Id.* The Washington Supreme Court denied review. *Id.*

In 2018, the state superior court resentenced Plush on remand. *Id.* Plush appealed the new judgment and sentence. *Id.* On February 2, 2021, the Washington Supreme Court declined to consider his claims challenging the underlying conviction but remanded the

1 sentence for the trial judge to strike a provision concerning accrual of interest and to

2 address whether Plush should pay a DNA collection fee and supervision fee. *Id.* at 5–6.

3      On March 16, 2020, Plush initiated this case. Dkts. 1, 11. The Court ordered Plush

4 to file an amended petition, Dkt. 25, and Plush filed his amended petition on May 3,

5 2021, Dkt. 32. Plush's petition challenges the constitutionality of the state statute which

6 required him to register as a sex offender and raises twelve distinct issues: (1) Hobson's

7 choice of choosing one right over another; (2) denial of right to call witnesses; (3) denial

8 of right to present evidence; (4) illegally withholding evidence; (5) unlawful amendment

9 of the charges; (6) illegal jury instructions; (7) that he did not "knowingly" fail to

10 register; (8) knowingly filing a false arrest warrant; (9) entrapment; (10) speedy trial

11 violation; (11) vindictive and selective prosecution; and (12) that the failure to register

12 statute is unconstitutional. Dkt. 32 at 8–10, 26–47.

13      On July 20, 2021, Judge Christel issued the instant R&R, recommending that the

14 Court dismiss Plush's petition without prejudice for failure to exhaust. Dkt. 41 at 8–10.

15 The R&R concluded that Plush failed to present the exact federal law issues raised in his

16 current habeas petition before the Washington Court of Appeals. *Id.* The R&R also

17 concluded that Plush has an available state remedy as there is a one-year statute of

18 limitations on the filing of a personal restraint petition or other post-conviction challenge.

19 *Id.* at 10–11. The Washington Court of Appeals issued an opinion on Plush's challenge to

20 his resentencing on February 21, 2021, and the R&R concluded that the time to file a

21 collateral attack has not yet run. *Id.* Finally, the R&R recommended that the Court deny

22

1  Plush's remaining pending motions (a motion to receive electronic copies, Dkt. 38, and a
2  motion to schedule hearing dates, Dkt. 39) as moot. Dkt. 41 at 12–13.
3       On August 3, 2021, Plush objected to the R&R's conclusion that he has failed to
4  exhaust his state court remedies. Dkt. 43.
5       The district judge must determine de novo any part of the magistrate judge's
6  disposition that has been properly objected to. The district judge may accept, reject, or
7  modify the recommended disposition; receive further evidence; or return the matter to the
8  magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).
9       Plush argues that he has exhausted his remedies and that his apparent failure to
10 raise his federal claims was due to a lack of access to legal literature while in prison. Dkt.
11 43 at 2. But this objection does not alter the Court's analysis on exhaustion. A failure to
12 raise the twelve issues present in Plush's habeas petition at each distinct level of direct
13 review in state court precludes the Court here from considering his petition. *See Ortberg*
14 *v. Moody*, 961 F.2d 135, 138 (9th Cir. 1992); *Casey v. Moore*, 386 F.3d 896, 915–916
15 (9th Cir. 2004) ("As a general rule, a petitioner satisfies the exhaustion requirement by
16 fairly presenting the federal claim to the appropriate state courts (plural) in the manner
17 required by the state courts, thereby 'afford[ing] the state courts a meaningful opportunity
18 to consider allegations of legal error.'" (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257
19 (1999)). The Court thus agrees with the R&R that Plush has failed to exhaust his state
20 remedies and that his petition should be dismissed without prejudice.
21 \
22 \

The Court having considered the R&R, Petitioner's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Plush's Petition, Dkts. 1, 32, is **DISMISSED without prejudice**. All other motions, Dkts. 38, 39, are **DENIED as moot**;

(3) Certificate of Appealability is **DENIED**; and

(4) The Clerk shall enter a JUDGMENT and close the case.

Dated this 17th day of September, 2021.

BENJAMIN H. SETTLE
United States District Judge